582

## 32935. Burge *et al. v.* Crown Finance Co. Inc.

Gardner, J. C. M. Burge and Alma Burge filed a petition against the Crown Finance Company Inc., whom we shall call the defendant. The petition alleged that on a certain date the plaintiffs purchased from the defendant under a conditional contract of sale, in writing, a Dodge automobile for $1500; that thereafter the plaintiffs defaulted in the payment of two notes and the defendant went to the plaintiffs' home and requested that the defendant be allowed to take and hold possession of the automobile until August 20, 1948, at which time the plaintiffs would pay the amount due and take possession of the car; that the defendant agreed to this arrangement and took charge of the car; that prior to August 20, 1948, the defendant violated the agreement to hold and not to sell the said automobile by selling it, and thereby perpetrated a fraud upon the plaintiffs by procuring possession of the car. It is alleged in paragraph 5 of the petition that the plaintiffs relied upon the arrangement that the defendant would hold the car and surrender it to the plaintiffs on August 20, 1948, and that by reason of said arrangements which were made on July 12, 1948, the plaintiffs left in the car certain personal property belonging to the plaintiffs as follows: "Accounts payable to petitioners in the sum of three hundred dollars: Tools of the value of thirty dollars; one bedspread, ten dollars, all of which property these petitioners have been deprived of by the defendant's wrongful acts." The plaintiffs sought recovery of $1205 from the defendant.

The defendant filed a general and a special demurrer to the petition. The general demurrer was to the effect that the petition set out no cause of action. The special demurrer went to paragraph 5 of the petition as follows:

"That the following part of paragraph 5 which reads as follows: accounts payable to petitioners in the sum of $300.00, is demurred to because same shows on its face that plaintiffs have no right to recover for said accounts, and on the further ground same does not give an itemized statement or list of said accounts or that same does not show why the leaving of the accounts in the automobile would bring about a damage of $300.00."

The court sustained the general demurrer and dismissed the petition, and did not pass on the special demurrer.

The only question here to be considered is whether the court erred in sustaining the general demurrer and dismissing the petition. We think insofar as the pleadings relating to the car are concerned, the petition sets forth no cause of action because there was no consideration for the extension of the payments as to the car, and no sufficient allegations of fraud are alleged. The court, according to the records, did not pass upon the special demurrer as contained in paragraph 5 regarding the personal property of the plaintiffs which was left in the car and which, according to the pleadings, the defendant retained and disposed of unlawfully. The items as expressed in paragraph 5 were sufficient to maintain a cause of action as against a general demurrer, and the court erred in dismissing the petition as to the items set out in paragraph 5 as against a general demurrer. Indeed, the defendant did

not demur specifically to the items of tools of the value of $30 and a bedspread of the value of $10. The judgment of the court is reversed in dismissing the petition on general demurrer. Counsel for the defendant files no brief and shows no reason why the judgment should not be reversed.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED MAY 12, 1950.

*Wesley G. Bailey,* for plaintiffs.
*Robert T. Efurd,* for defendant.